NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-598

D.G.

vs.

J.G.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After an ex parte hearing, a judge issued a G. L. c. 258E, § 5, harassment prevention order against the defendant.  That order was extended at the subsequent extension hearing.  The defendant has appealed.

To obtain a harassment prevention order, the plaintiff had to demonstrate "harassment," which the statute defines in relevant part as "[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property."  G. L. c. 258E, § 1.  This has been narrowed by the Supreme Judicial Court so that, under its construction,

> "each of the three willful and malicious predicate acts
> aimed at a specific person must be either a 'true threat'
> . . . or 'fighting words' . . . at least where the
> predicate act is not an intentional act either of unlawful
> violence, i.e., acts that 'attempt[ ] to cause or caus[e]
> physical harm,' or that causes property damage that meets
> the other requirements of the statute. G. L. c. 258E, § 1.
> To qualify as a true threat, a threat must demonstrate 'a
> serious expression of an intent to commit an act of
> unlawful violence to a particular individual or group of
> individuals' . . . -- under c. 258E, the specific
> individual to whom the alleged predicate acts are
> directed.  Further, to support an order under c. 258E, the
> true threats cannot be threats to do just any kind of
> harm; they must be intended to cause 'fear of physical
> harm' or . . . 'physical damage to property'" (citations
> omitted).

A.R. v. L.C., 93 Mass. App. Ct. 758, 760 (2018).  The

defendant's argument is that there was insufficient evidence for

the judge to have found the "three acts" that are required

before such an order may be issued.  See id.

"The burden is on the appellant to ensure that an adequate

record exists for an appellate court to evaluate."  Commonwealth

v. Woods, 419 Mass. 366, 371 (1995).  In this case, the

defendant has failed to provide us with copies of the

transcripts necessary for our review.  Having failed to provide

us with the evidence we need in order to assess what was before

the judge, the defendant cannot and has not demonstrated

insufficiency in the evidence.[1]

---

[1] The incompleteness of the record may reflect the
defendant's mistaken belief that she is challenging only the
original ex parte order.  To the extent this is what she

2

The defendant herself describes a number of extremely offensive acts in which she engaged: these include physically approaching the friend of the plaintiff's four year old child; telling that other child that the plaintiff's child's family was under investigation for criminal activities; urging them to avoid the plaintiff's family; posting on a social media page open to parents false statements that the plaintiff is under police investigation and an illegal immigrant; posting personal information, including the plaintiff's and her family members' names and her children's class; calling the plaintiff and her family illegal immigrants and threatening them with arrest by the police; publishing on social media private information about the plaintiff's family, including information about the family's lease and her children's previous schools; sending a message to the parents' page documenting the family's activities from February 5 to March 9, including details about their cars, school pickup schedules, clothing and shopping, with time recorded to the minute and, of course, the monitoring that this information reflects; recording the plaintiff's routine

_____

intends, such orders are not appealable, Tom T. v. Lewis L., 97 Mass. App. Ct. 698, 699-700 (2020), and her notice of appeal was filed more than thirty days after that order issued. Her notice of appeal, however, was filed within thirty days of the extension order, which is properly appealable.

activities at home; and taking a picture of the plaintiff and her children in a neighborhood parking lot.

We need not, however, decide whether any of these are qualifying acts or, if so, which ones. That is because even if we were to assume something we do not decide – that this litany of admissions does not include three acts that together amount to harassment within the meaning of the statute – without the full transcript, the defendant cannot demonstrate that the record did not reflect three such acts.

<u>Order dated April 4, 2024, affirmed</u>.

By the Court (Rubin, Hand & Brennan, JJ.[2]),

Clerk

Entered:  June 30, 2025.

---

[2] The panelists are listed in order of seniority.